**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUNA MOHAMED SHEGOW; et al., | No. 07-71785 |
| Petitioners, | Agency Nos. A075-640-466 |
| v. | A075-640-467 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Muna Mohamed Shegow, a native and citizen of Somalia, and Salma

Abdulkadir Omar, a native of Kenya and citizen of Somalia, petition for review of

the Board of Immigration Appeals' order summarily affirming an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") order denying their motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review, and remand.

Although Petitioners' motion to reopen was filed outside the 180-day period for motions to reopen due to "exceptional circumstances," that period may be equitably tolled by a showing of ineffective or deceptive legal representation. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc). Here, the IJ rejected Petitioners' ineffective assistance claim against attorney Leposki on the grounds that Leposki failed to file a notice of appearance with the immigration court. We remand for the IJ to consider Petitioners' evidence that they had in fact hired Leposki to represent them before the immigration court and that Leposki's failure to enter an appearance was itself evidence of his ineffectiveness.

On remand, the IJ should also consider the conflicting evidence regarding attorney Paek's purported ineffective assistance. *See INS v. Ventura*, 537 U.S. 12, 17 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**